Alexander Shalom
Jeanne LoCicero
Elyla Huertas
Katherine Haas
AMERICAN CIVIL LIBERTIES UNION
OF NEW JERSEY FOUNDATION
570 Broad Street, 11th Floor
P.O. Box 32159
Newark, New Jersey 07102
(973) 854-1714

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

JOHN Q. (a pseudonym),

Plaintiff,

v.

MONMOUTH COUNTY,

Defendant.

Civil Action No.:

Motion Return Date: September 8, 2020

## PLAINTIFF'S BRIEF IN SUPPORT OF
## MOTION TO PROCEED UNDER PSEUDONYM

# TABLE OF CONTENTS

Table of Authorities ................................................................................. ii

Statement of Facts .................................................................................... 1

Argument ................................................................................................... 2

    I.     Standard of Review ..................................................................... 2

    II.    The *Megless* Factors Clearly Favor Proceeding Under Pseudonym. ......... 4

        A. The Factors Favoring Anonymity Support Proceeding Under Pseudonym ................................................................... 4

        B. The Factors Counseling Against Anonymity Do Not Require Disclosure in this Case ....................................................... 9

Conclusion ............................................................................................... 10

# TABLE OF AUTHORITIES

<u>Cases:</u>

*Doe v. Kamehameha Sch./Bernice Pauahi Bishop Estate*, 596 F.3d 1036 (9th Cir. 2010) ............................................................................................................2, 3

*Doe v. Megless*, 654 F.3d 404 (3d Cir. 2011) ....................................................2, 3, 9

*Doe v. Provident Life and Acc. Ins. Co.*, 176 F.R.D. 464 (E.D. Pa. 1997) ...........3, 8

*In re Kollman*, 210 N.J. 557 (2012) .......................................................................5, 6

*Steaks Unlimited v. Deaner*, 623 F.2d 264 (3d Cir. 1980) ........................................9

<u>Statutes and Legislative Materials:</u>

Conditional Veto A471, A1663, A2879, A3060, A3108 (Jan. 11, 2016) ................6

N.J.S.A. 2C:52, et seq. .............................................................................................5, 6

## STATEMENT OF FACTS

Plaintiff John Q, a United States citizen, has brought this litigation to challenge Monmouth County's unlawful detention of him for immigration enforcement purposes. Mr. Q's unlawful detention occurred after he was arrested by local law enforcement and charged with a disorderly persons offense under New Jersey law. Mr. Q does not challenge the legality of that initial arrest, but rather Monmouth County's decision to keep him in custody even after his initial appearance, where a judge ordered his release on his own recognizance.

The disorderly persons charge filed against Mr. Q was ultimately dismissed, and both the charge and the arrest itself were expunged less than two months after the alleged incident. Under New Jersey law, this means that Mr. Q is generally not required to answer questions affirmatively relating to his arrest, and that for all purposes other than any future criminal proceedings, the arrest is deemed never to have occurred.

Mr. Q does not wish to lose the benefit of the expungement that New Jersey law affords him, but in order to challenge his unlawful detention, Mr. Q must explain to this Court the events that surrounded it, including the disorderly persons arrest. Therefore, in order to maintain the confidential nature of his prior, expunged arrest, Mr. Q seeks to proceed pseudonymously.

## ARGUMENT

Plaintiff John Q seeks to proceed under pseudonym to avoid effectively nullifying his expungement. Proceeding under his true name would force Plaintiff to choose between publicly disclosing his expunged arrest – thus forfeiting his rights under New Jersey's expungement law – and seeking redress for the illegal and unconstitutional harms he experienced. Such a choice should not be forced upon any litigant. Moreover, because there is a strong public interest in preserving the integrity of New Jersey's expungement statute, and because there is no particular public interest in the disclosure of Plaintiff's identify, Plaintiff asks the Court to allow him to proceed under the pseudonym John Q.

### I.    Standard of Review

Decisions about whether to allow a party to proceed under pseudonym rest within the trial court's discretion. *Doe v. Megless*, 654 F.3d 404, 407 (3d Cir. 2011). A party wishing to proceed pseudonymously in the Third Circuit must show "both (1) a fear of severe harm, and (2) that the fear of severe harm is reasonable." *Id.* at 408 (quoting *Doe v. Kamehameha Sch./Bernice Pauahi Bishop Estate*, 596 F.3d 1036, 1043 (9th Cir. 2010)). This standard allows a litigant to remain anonymous only in those cases where the litigant's interest outweighs "the public's strong interest in an open litigation process." *Id.*

In weighing these interests, courts are guided by a non-exhaustive list of factors. The factors favoring anonymity include:

> (1) the extent to which the identity of the litigant has been kept confidential; (2) the bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases; (3) the magnitude of the public interest in maintaining the confidentiality of the litigant's identity; (4) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identities; (5) the undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case at the price of being publicly identified; and (6) whether the party seeking to sue pseudonymously has illegitimate ulterior motives.

*Id.* at 409 (quoting *Doe v. Provident Life and Acc. Ins. Co.*, 176 F.R.D. 464, 467–68 (E.D. Pa. 1997)).

The factors weighing against anonymity include:

> (1) the universal level of public interest in access to the identities of litigants; (2) whether, because of the subject matter of this litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigant's identities, beyond the public's interest which is normally obtained; and (3) whether the opposition to pseudonym by counsel, the public, or the press is illegitimately motivated.

*Id.* (quoting *Provident Life*, 176 F.R.D. at 468) (internal citations omitted).

## II.     The *Megless* Factors Clearly Favor Proceeding Under Pseudonym.

A.  The Factors Favoring Anonymity Support Proceeding Under
    Pseudonym.

Plaintiff meets all *Megless* factors in favor of proceeding pseudonymously.

With respect to the first factor – the extent to which the litigant's identity has been

kept confidential – Plaintiff's identity has been kept confidential thus far, with the

exception of use on documents required to preserve his claims relative to this

matter. Aside from those necessary disclosures, Plaintiff has kept his identity

confidential.

In October 2018, Plaintiff filed a state notice of tort claim, revealing his true

identity to the County, the Sheriff and the Acting Warden. All internal jail

documents surrounding Plaintiff's detention use his real name. Although

Defendants are fully aware of Plaintiff's identity, the public is not. As litigation

proceeds, Plaintiff does not seek to shield his identity from Defendants – or those

people with whom Defendants are required to share information in order to defend

the case – he only seeks to avoid having to expose his identity to the general

public.

The next factor courts should consider is the litigant's basis for fear of

disclosure. Here, Plaintiff fears effectively nullifying and thus losing the protection

of the expungement of his arrest. The New Jersey expungement statute is

"designed to eliminate 'the collateral consequences imposed upon otherwise law-

abiding citizens who have had a minor brush with the criminal justice system.'" *In re Kollman*, 210 N.J. 557, 568 (2012) (quoting *In re T.P.D.*, 314 N.J. Super. 643, 648 (Law Div. 1997), *aff'd o.b.*, 314 N.J. Super. 535 (App.Div.1998)). According to the New Jersey Supreme Court in *Kollman*, someone who receives expungement does not have to answer questions affirmatively relating to expunged criminal records (N.J.S.A. 2C:52-27), and his prior arrest and related proceedings "shall be deemed not to have occurred." *In re Kollman*, 210 N.J. at 569. Thus, expunged records only remain available for criminal justice matters. *See id.* ("Expunged records remain available to the courts, prosecutors, and probation officers to set bail, prepare presentence reports, and use at sentencing.); *see also* N.J.S.A. 2C:52-22. Thus, with the limited exception of future criminal proceedings which are not at issue here, the New Jersey Legislature has determined that Plaintiff and those like him should have the right to forego publicly disclosing information about their dismissed and expunged arrests.

Plaintiff runs a successful business in a tight-knit community and believes that disclosure of his identity in this matter could result in collateral consequences for him and his family. If he proceeds in this action using his true name, a quick internet search of that name could reveal information regarding this lawsuit and thus his expunged arrest, making it available to any curious person. This would in

effect nullify the benefit the New Jersey Legislature attempted to confer when promulgating N.J.S.A. §§ 2C:52-1, *et seq*.

The third factor – the magnitude of the public interest in maintaining the confidentiality of the litigant's identity – overwhelmingly favors Plaintiff's ability to proceed under pseudonym. As mentioned above, the protections of New Jersey's expungement statute reflect the state's public policy that arrests that are expunged are "deemed not to have occurred." N.J.S.A. 2C:52-27; *In re Kollman*, 210 N.J. at 569. In 2016, the New Jersey Legislature specifically amended the statute to expand the ability to expunge arrests like Mr. Q's that do not lead to a conviction. 2015 N.J. ALS 261 (N.J.S.A. 2C:52-6). As Governor Christie explained, the updated law "create[d] an automatic expungement for arrest records that do not result in conviction other than through a plea agreement," and thus "eliminate[d] unnecessary hardships for innocent people with an arrest record." *See* Conditional Veto A471, A1663, A2879, A3060, A3108 (Jan. 11, 2016) (conditionally vetoing other portions of the bill). With these changes, the New Jersey Legislature made a policy choice to allow people, like Plaintiff, who have been arrested but not convicted, to wipe their slate clean. That purpose would be eviscerated if people could only receive the benefit if they opted not to challenge related violations of their rights.

Collateral consequences of criminal records harm the public interest. Allowing someone to expunge an arrest does more than just provide the opportunity to avoid embarrassment; it ensures that involvement with the criminal justice system, especially when arrests do not result in convictions, does not result in collateral consequences. It follows logically that if the effect of an expungement is to treat the arrest as if it had not occurred, litigants seeking to vindicate their rights should not be required to waive the benefits of expungements in exchange for redress for harms committed against them. Therefore, forcing Plaintiff to reveal his identity would serve to undermine the intent of the expungement statute, a statute which the New Jersey Legislature determined was in the public interest.

Fourth, because of the nature of the issues presented in this case, there is an atypically weak public interest in knowing the litigant's identity. The issues in this case are capable of assessment by this Court and the public without a discussion of Plaintiff's identity. This case implicates the legality of Defendant's blanket policy, practice, and custom of holding people for immigration purposes, even in the face of evidence that the person is a citizen who cannot be lawfully held for those purposes. Plaintiff's identity has no bearing on that legal question.

The fifth factor addresses the undesirability of an outcome adverse to the pseudonymous party which is attributable to his refusal to pursue the case at the price of being publicly identified. Such an adverse outcome is a clear possibility

here. Abandoning the action would stifle the public's ability to monitor legal proceedings that review Monmouth County's policy that honored all ICE detainers, without regard to possible errors. Litigants should not have to choose between vindicating their right to be free from unreasonable seizures and enjoying the benefits of expungement to which the New Jersey Legislature has determined they are entitled.

Finally, Plaintiff has no illegitimate ulterior motives. Plaintiff seeks to use a pseudonym for the above-mentioned legitimate reasons. He does not seek to "gain a tactical advantage" over Defendants, such as "to impair defendant's ability to defend himself, to delay the litigation, or to increase the costs to defendant." *See Provident Life*, 176 F.R.D. at 469. Indeed, because Defendants are fully aware of Plaintiff's identity, allowing Plaintiff to proceed under a pseudonym will not in any way provide a litigation advantage to Plaintiff or disadvantage to Defendants.

B. <u>The Factors Counseling Against Anonymity Do Not Require Disclosure in this Case.</u>

Of the factors that weigh against anonymity, the only one applicable to this action is the general public interest in access to the litigants' identities. However, this general public interest can be outweighed by specific concerns supporting a plaintiff's motion to use a pseudonym. *See id*. (the "general public interest, which exists in all civil actions, does not outweigh the above-mentioned factors" supporting the plaintiff's use of a pseudonym). Here, that public interest is

outweighed by the above-mentioned factors supporting Plaintiffs' application to use a pseudonym, including the public's interest in maintaining the integrity of New Jersey's expungement laws.

The other factors that sometimes counsel against allowing litigants to proceed under a pseudonym do not apply in this case. *See Doe v. Megless*, 654 F.3d at 409. Although the public has an interest in the question of whether and when jails hold people for immigration purposes, and in learning when jails hold people unlawfully, there exists little public interest in learning which specific people have been wrongly detained. Although Plaintiff is a successful business owner, he is not a public figure whose fame would generate additional public interest in the revelation of his identity. *See Steaks Unlimited v. Deaner*, 623 F.2d 264, 273 (3d Cir. 1980) (explaining that those who are not "famous or widely involved in public affairs" are not public figures for all purposes under libel law).

## CONCLUSION

For the reasons described herein, Plaintiff asks that the Court grant the accompanying motion and allow him to pursue this action under the pseudonym listed in the caption as filed.

Dated:  July 27, 2020                          AMERICAN CIVIL LIBERTIES
                                               UNION OF NEW JERSEY
                                               FOUNDATION

9

BY: <u>s/ Alexander Shalom</u>
Alexander Shalom
Jeanne LoCicero
Elyla Huertas
Katherine Haas
PO Box 32159
Newark, New Jersey 07102
(973) 854-1714
*Attorneys for Plaintiff*